EASTERN DIST.
*March,* 1835.

MORTEE
*vs.*
ROACH'S SYNDIC.

## MORTEE *vs.* ROACH'S SYNDIC.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS, THE JUDGE OF THE CRIMINAL COURT PRESIDING, *ad interim.*

8L  81
105  409

In a case of reciprocal obligations, the party who does not perform his part of the engagement, cannot avail himself of any rights resulting to him from the contract; consequently, the other party may demand its rescission.

In a reciprocal engagement resulting from the sale of certain slaves, where the purchaser becomes insolvent and surrenders the slaves with his other property, before payment of the price, he not being the absolute owner, his right to the property is defeasible, and the seller may have a rescission of the sale and compel the syndic, to restore possession of the property.

Property ceded, of which the insolvent debtor is not the absolute, but only the defeasible owner, and when this defeasible right is annihilated by a rescission of the sale, makes no party of the mass surrendered, and is not liable to any of the costs and charges of the *concurso.*

This is an action in which the plaintiff, as vendor, demands the rescission of the sale, and re-possession of certain slaves sold to the insolvent debtor, and now in the hands of his syndic, having been ceded with the other property. He shows that a mortgage was retained on the slaves, to secure the payment of the price, which is still unpaid; that the slaves were surrendered by the insolvent and are now in the possession of the defendant, who was appointed syndic by the creditors, and refuses to return them.

1. The syndic pleaded a peremptory exception, and denied the right of the plaintiff to sue in this manner, as all proceedings against the person and property of the insolvent were stayed.

2. That the syndic could not be sued in an action of rescission.

11

3. The property surrendered by the insolvent, belongs to all his creditors; the plaintiff still preserving his privilege on the property claimed by him.

4. The property claimed is subject to its proportion of the costs and charges incurred by the cession.

5. The plaintiff must wait and receive his proportion of the estate ceded, with the other creditors

The syndic finally pleaded a general denial, and prayed that the suit be dismissed.

The Parish Court decided that the action could not be maintained, as all proceedings against the property of the insolvent were stayed; but that the plaintiff was entitled to a privilege on the proceeds of the slaves claimed, in virtue of his mortgage. Judgment was rendered accordingly, from which the plaintiff appealed.

*Preston,* for the plaintiff.

1. The defendant could not cede any other or greater rights than he had himself; and were the slaves in his possession alone, the plaintiff could compel a rescission of the sale and return of the property.

2. The plaintiff has the absolute *right to demand and* obtain a rescission of the sale. *Louisiana Code, art.* 2542.

*Macready, in propriâ personâ,* as syndic, *contra.*

*Martin, J.,* delivered the opinion of the court.

The plaintiff in this case, demanded from his insolvent debtor, and the syndic appointed by the creditors, the rescission of a sale and the return of certain slaves, which were surrendered by the insolvent, and upon which a special mortgage had been retained for the price. He claimed the rescission on the ground that the price remained unpaid, and that in virtue of his mortgage, he had a right to take back the property sold. Judgment was rendered, denying him this privilege, and he appealed.

The plaintiff's demand was resisted by the syndic of the insolvent, on the ground that the action could not be main-

EASTERN DIST.
*March*, 1835.

MORTEE
*vs.*
ROACH'S SYNDIC.

tained, because the slaves in question were part of the property surrendered; and further, that all proceedings against the person and property of the debtor were stayed. Finally, because the slaves were liable, with the other property surrendered, for the costs and charges of the proceedings in the *concurso* of creditors.

The judgment of the Parish Court is erroneous. A sale is a synallagmatic contract which imposes on the vendor, the obligation of delivering the thing sold, and requires of the vendee the payment of the price. In the case of reciprocal obligations, the party who does not perform his part of the engagement, cannot avail himself of any rights resulting to him from the contract; consequently, the other party may demand the rescission of the contract from the defaulting party.

The insolvent debtor not having paid the price, was not the absolute owner of the slaves; and his right to the property was, therefore, not indefeasible.

The cession or surrender of the insolvent debtor's rights, for the benefit of his creditors, could not, and did not, change the character and nature of those rights. They remained the same; for the debtor could only cede the rights he had, and in the condition they were at the time. What was conditional and defeasible in his hands, did not become absolute and indefeasible in the hands of his creditors. The plaintiff did not contravene the order staying all proceedings against the person and property of the insolvent, by exercising his right against the syndic.

The slaves in controversy, not being the absolute property of the ceding debtor, and his defeasible right to them being annihilated by the rescission of the sale, it follows they make no part of the property surrendered; and their price cannot be diminished, or they in any manner held liable by the syndic of the insolvent's estate, for the costs and charges of the *concurso*.

The sale having been proved, and the obligation resulting therefrom shown to be reciprocal, and the price not pretended to have been paid, or any part of it; it follows

In the case of reciprocal obligations, the party who does not perform his part of the engagement, cannot avail himself of any rights resulting to him from the contract: consequently the other party may demand its rescission.

In a reciprocal engagement, resulting from the sale of certain slaves, where the purchaser becomes insolvent, and surrenders the slaves with his other property, before payment of the price, he not being the absolute owner, his right to the property is defeasible, and the seller may have a rescission of the sale, and compel the syndic to return it and restore the possession.

Property ceded, of which the insolvent debtor is not the absolute, but only the defeasible owner, and when this defeasible right is annihilated by a rescission of the sale, makes no part of the mass surrendered, and is not liable to any of the costs and charges of the *concurso*.

that the plaintiff is entitled to have the contract or sale *rescinded.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be annulled, avoided, and reversed ; and it is further ordered, adjudged and decreed, that the sale of the slaves in question be *rescinded ;* and that the plaintiff recover the possession of them from the syndic ; the latter paying costs in both courts.