## William Wood *v.* John G. Tyson

The rule maintained by the older decisions in Louisiana, that a special endorsement invested the title to a note in the endorsee, who alone could sue on it, was always subject to exception, where it appeared that the endorsee had been merely the agent of the party in whose name the suit was instituted.

An order of seizure and sale was properly granted to the mortgagee, on the notes of the defendant, payable to his own order, although there was a special endorsement on the back of the notes to a third party.

APPEAL from the Tenth District of Tensas, *Farrar*, J.
    *Gaither & McPheeters*, for plaintiff.    *J. P. Farrar*, for defendant and appellant.

BUCHANAN, J.  Plaintiff, a resident of New York, through his agent, *John C. B. Yuille*, a member of the firm of *A. & J. Dennistoun & Co.*, merchants of New Orleans, sold, by act before a Notary Public in New Orleans, to defendant, a tract of land in the parish of Tensas, for the price of twelve thousand dollars, of which twenty-five hundred dollars cash, and, for the residue, the defendant furnishes his five promissory notes for the sum of nineteen hundred dollars each, drawn to the order of, and endorsed by himself; which notes, after having been paraphed by the notary to identify them, were delivered to said *Yuille*, who, in the name of his constituent, acknowledged receipt thereof, and in order to secure the payment of said notes, the defendant specially mortgaged the land thus purchased in favor of the vendor, and of any holder of the said notes, promising not to alienate or incumber the same to the prejudice of the mortgage.

After two of these notes had matured, and were not paid, the plaintiff instituted this suit in the parish of defendant's domicil, (Tensas,) by the *via executiva*, annexing to his petition a duly certified copy of the act of sale and mortgage, and also the five notes of defendant referred to in said act.

On each of these notes, there appears, written above the endorsement of the defendant, the following words: "Pay *Messrs. A. & J. Dennistoun & Co.* or order." The defendant has appealed from the order of seizure and sale, and assigns for error in this court, that the special endorsement upon the notes shows, that the plaintiff has parted with his interest in the same.

The facts of this case are identical with those of *Squier* v. *Stockton*, reported in 5th An. 120, with the exception that in *Squire* v. *Stockton* there was a cer-

tificate under private signature of the special endorsee, that the note had been sent to him by *Squier*, the plaintiff, as his mere agent, for collection. But the court held, that no evidence of retransfer to plaintiff by the special endorsee, was required; quoting *Dugan* v. *United States*, 3 Wheaton, 183; *United States* v. *Barker*, 1 Paine, 162; Story on Promissory Notes, paragraphs 452 and 256; and *Norris* v. *Budger*, 6 Cowen, 450. The older decisions in Louisiana certainly maintain the doctrine contended for by the appellant, that a special endorsement vests the title to the note in the endorsee, who alone has a right to sue. But this rule seems to have been always subject to exception, where it appeared that the endorsee had been merely the agent of the party in whose name the suit was instituted. See *Dicks* v. *Cash*, 6 N. S. 45. And we think that fact is sufficiently apparent from the documents annexed to the petition in this case.

Judgment affirmed with costs.