## No. 7788.

### JOHN A. STEVENSON VS. E. J. BROWN ET AL.

Non-payment of the price constitutes a resolutory condition in the contract of sale; and its effect is in no manner affected by the fact that the vendor has failed to preserve his privilege, or mortgage, by registry.

APPEAL from the Thirteenth Judicial District Court, parish of East Carroll. *Hough*, J.

---

W. G. Wyly for plaintiff and appellee:

First—It is conceded in the answer of E. J. Brown, and not contradicted by H. R. Wade, " that he was put in default for non-payment of the price."

This admission in the answer, and the production of the unpaid notes

for the price, entitled plaintiff to a resolution of the sale and restoration of his property, as the court below very correctly decided. Revised Code, articles 2671, 2045, 2046, 2047 ; 11 A. 656 ; 14 A. 340 ; 23 A. 355 ; 24 A. 537 ; 28 A. 739 ; 12 A. 699.

Second—The remedy of the dissolving the condition is independent of the remedy of enforcing the mortgage and vendor's privilege. Both remedies are provided by law. 12 A. 699.

Third—It is not necessary to record the mortgage or privilege in order to give the right of action to the resolution of the sale.

Fourth—All property for which the price has not been paid is held subject to the dissolving condition.

Fifth—A judgment creditor cannot hold the proceeds of the sale of the property which did not belong to the seized debtor. 11 R. 522 ; C. P. 711 ; 11 A. 655 ; 14 A. 340 ; 23 A. 355 ; 24 A. 537 ; 12 A. 699 ; 28 A. 739.

Sixth—"Where the purchaser under execution is evicted, he is entitled to judgment over against the seized debtor, and the seizing creditors on their warranty ; but under article 711 of the Code of Practice, he must first take out his execution against the former, and on the return of *nulla bona*, may proceed against the latter." 18 L. 590 ; 2 A. 479, 756 ; 5 A. 312 ; 11 R. 522 ; 5 R. 247 ; 6 L. 737 ; 15 A. 630 ; C. P. 711.

J. M. Kennedy for H. R. Wade, defendant and appellant :

First—A vendor of real estate on credit, with mortgage and privilege retained, who has neglected to preserve that mortgage and privilege by recordation as the law requires, cannot maintain, after more than five years from the maturity of the first installment of the price and three years from that of the last, an action for the resolution of the sale for non-payment of the price, to the prejudice of an innocent third holder of property, who bought at the sheriff's sale under an execution, without notice of the non-payment of the price by the seized debtor, and who paid his bid in cash ; and that, too, when this unpaid vendor had suffered all these years to elapse without taking any steps to enforce his claim against his vendee, or to notify the world of such claim.

———

The opinion of the court was delivered by

Spencer, J. Stevenson in 1872 sold to defendant, Brown, a tract of land in Carroll parish for $2600, on credit of one, two, and three years, taking Brown's notes for the price. The act reserved vendor's lien and mortgage, and contained the pact *de non alienando*. This act was recorded in the conveyance book, but not in that of mortgages.

Certain creditors of Brown seized the land, and it was sold to H. R. Wade, one of the defendants herein. No part of the price was ever paid to Stevenson.

Having put Brown in default, he brings this suit to enforce the resolutory condition, making Wade a party defendant.

The answer of Brown is a general denial, etc. Wade pleads that he purchased in good faith at sheriff's sale, under a certificate showing no mortgages or privileges against the property ; and such was the fact.

The question is, under these circumstances, can Stevenson recover this land ?

By article 2046 (2041) of the Civil Code, it is provided that in all bilateral, or synallagmatic, contracts there is an implied condition, that if either party fail to comply with his engagements, the other may demand the resolution of the contract.

The accomplishment of this condition has a retroactive effect to the day of the contract. C. C. 2041 (2036). Things are put in the same position as though the contract had never been made. In the contract of sale, the non-payment of the price is the event constituting the resolutory condition. C. C. 2561 (2539).

When the condition happens, therefore, the property returns to the vendor free of all alienations and encumbrances imposed thereon by the vendee. See 11 A. 656 ; 12 A. 699 ; 14 A. 340 ; 23 A. 355 ; 24 A. 537 ; 28 A. 739.

The fact that the vendor has lost, or not preserved, his vendor's lien, or mortgage, presents no sort of obstacle to the exercise of this right of resolution. When such an action is brought by the vendor, he does not sue to annul the contract made with his vendee, but to enforce it. The case does not differ in principle from that where any other event is made a condition of resolution. Thus, if I sell you my house for $10,000, and stipulate in the act that if a certain ship returns from the Indies the property shall return to me, and the sale be without effect, a suit by me alleging the return of the ship and the consequent avoidance of the contract, will be a suit to enforce one of the stipulations of the contract. Wherever a right or title is by contract, express or implied, made to depend upon a condition, that right or title is defeasible. Its holder can confer no greater right than he has himself, and, consequently, all alienations and encumbrances granted by him vanish when the condition happens. The vendor's action is one in revendication of the thing. One purchasing property must look to his titles. In the present case that title informed Wade that his vendor Brown had agreed that in the event of failure to pay the notes given for the price, the property was to revert to Stevenson. It informed him that Brown's title was defeasible, and dependent for its continuance upon the happen-

ing of a condition. One who acquires a title with such stipulations in it, takes it subject thereto. The question of registry has nothing to do with the case. The right of resolution is an independent substantive remedy, and is in no wise dependent upon the existence of a mortgage or privilege. A demand in resolution is a demand for the property itself, and embraces in it the abrogation of any and all alienations and encumbrances placed upon it by the vendèe.

The judgment appealed from therefore correctly declared void the title of defendant Wade, though not specifically prayed for. The judgment is affirmed with costs.