YELVERTON, Judge.
This is a suit to rescind a sale and all subsequent alienations on account of the vendee’s default in payment of the purchase price, and for revenues derived from the property while in the possession of the original vendee and a subsequent third party purchaser.
On October 25,1979, the plaintiff, Groner Apartments (a partnership consisting of the Groner family), by act of credit sale transferred certain immovable property in Iberia Parish to the defendant, Controlled Building Systems, Inc. (CBS). The agreed purchase price was $231,000 together with the assumption of an FMHA mortgage loan. The act of sale recited the following method of payment:
*1144 “. .. This sale is made and accepted for and in consideration of the sum of Two Hundred Thirty One Thousand and No/100 ($231,000.00) Dollars, of which amount Vendee has paid the sum of Forty-Six Thousand and No/100 ($46,000.00) Dollars, cash in hand paid, the receipt, adequacy and sufficiency of which are hereby acknowledged and for which acquittance is herein granted.
“In order to represent the balance of One Hundred Eighty-Five Thousand and No/100 ($185,000.00) Dollars, Vendee has made and delivered to Vendor, who acknowledges receipt thereof, two (2) certain promissory notes, as follows:
“(a) Promissory Note of even date herewith in the amount of Forty Thousand and No/100 ($40,000.00) Dollars made payable to Vendor and payable as therein provided; and
“(b) Promissory Note of even date herewith in the amount of One Hundred Forty-Five Thousand and No/100 ($145,000.00) Dollars made payable to Vendor and payable as therein provided.”
The act of sale was recorded in Iberia Parish on November 7,1979. On November 9,1979, CBS sold the property to Alexander Mangus for a purchase price of $476,000 and the assumption of the FMHA mortgage loan. The act of sale recited that $276,000 was paid in cash with the balance represented by a promissory note in the amount of $200,000. This sale was recorded in Iberia Parish on November 15, 1979. On December 12, 1980, Mangus sold the apartments to C’Est La Place, a partnership, for $118,226. In the summer of 1981 the Gron-ers sent CBS several demand letters for payment on the promissory notes. However, CBS failed to respond evidently due to the fact that the company had ceased doing business and had filed bankruptcy.
On August 26, 1981, Groner Apartments filed the present suit against CBS and C’Est La Place. The petition alleged that CBS had failed to make payments on the two promissory notes and had only paid $15,000 in cash at the time of the sale instead of the recited $46,000 in cash, and for this reason the plaintiff sought dissolution of the October 29, 1979, sale and a return of the property free of all subsequent encumbrances and alienations. Plaintiff also prayed for the rents and fruits derived from the property from CBS to be offset by the amount the plaintiff received from the sale ($15,-000). The plaintiff also made C’Est La Place a defendant in the suit seeking payment of the rents and fruits derived from the property since the latter’s acquisition.
A preliminary default was entered against CBS on September 25, 1981, and confirmed on October 1, 1981. The default judgment granted the dissolution of the October 25, 1981, sale from the plaintiff to CBS and awarded the plaintiff a monetary judgment against CBS in the amount of $214,710.19 plus legal interest for the rents and fruits derived from the property.
C’Est La Place answered the suit on October 2,1981. On October 6,1981, C’Est La Place filed a motion for the annulment of the default judgment alleging that it was an indispensable party to the proceedings and did not receive notice of the default proceedings. On January 22,1982, the trial court denied the motion. On June 22,1982, C’Est La Place filed a reconventional demand against the plaintiff and the Groners individually alleging breach of contract on the part of the Groners. The trial was held on August 24 and 25,1982. On October 18, 1982, the trial court rendered judgment dissolving all subsequent alienations and encumbrances placed on the property after the October 25, 1979, sale and returned the property to the plaintiff. The trial court also dismissed the plaintiff’s claim against C’Est La Place for fruits and rents derived from the property as well as the defendant’s reconventional demand against the plaintiff and the Groners.
The defendant has appealed raising the following issues: 1) whether the trial court erred in denying C’Est La Place’s motion to annul the default judgment against CBS, and 2) whether the trial court erred in dissolving the subsequent alienations and encumbrances after the October 25, 1979, *1145 sale to CfeS. Plaintiff answered the appeal contending that the trial court erred in failing to award judgment against C’Est La Place for the fruits and rents derived from the property during its possession.
C’Est La Place argues that the subsequent purchasers of the property (Mangus and C’Est La Place) were indispensable parties to the action in dissolution brought against CBS and since they were not given notice of the default proceedings the judgment therein was null and void. We disagree.
The right of dissolution is explained by the Supreme Court in Sliman v. McBee, 311 So.2d 248 (La.1975), as follows:
The right of a vendor to rescind the sale on account of the vendee’s default in payment of the purchase price rests in articles 2045-2047 and 2561 — 2564 of the Civil Code.3 Article 2045 provides:
The dissolving condition is that which, when accomplished, operates the revocation of the obligation, placing matters in the same state as though the obligation had not existed.
It does not suspend the execution of the obligation; it only obliges the creditor to restore what he has received, in case the event provided for in the condition takes place.
This dissolving, or resolutory,4 condition is implied in all commutative contracts5 and takes effect upon the failure of either party to comply with his engagement and the demand for dissolution by the aggrieved party. La.Civil Code art. 2046 (1870).
[1,2] Where the commutative contract is one of sale, the special rules governing the contract of sale must be consulted, in addition to the general principles announced above. Id. art. 2438. The principal obligation of the buyer is to pay the price of sale. Id. art. 2549(1). Upon his failure to do so, the vendor has two remedies available: one for the enforcement, or affirmance, of the contract and the other for its dissolution, (footnotes omitted)
In the present case the plaintiff asserted its right of dissolution under article 2561 of the Civil Code against CBS. It is clear that under article 2561 the vendor has a right to demand the dissolution of the sale for nonpayment of the purchase price and that such demand is a demand for the property itself and embraces in it the abrogation of any and all alienations and encumbrances placed upon it by the vendee. Sliman v. McBee, supra; and Stevenson v. Brown, 32 La.Ann. 461 (1880).
In Stevenson, supra, the plaintiff brought an action in resolution against his vendee and a subsequent purchaser. Concerning the right of the vendor to dissolve the sale by his vendee to a subsequent purchaser the Supreme Court stated:
Wherever a right or title is by contract, express or implied, made to depend upon a condition, that right or title is defensible. Its holder can confer no greater right than he has himself, and, consequently, all alienations and encumbrances granted by him vanish when the condition happens. The vendor’s action is one in revendication of the thing. One purchasing property must look to his titles. In the present case that title informed Wade that his vendor Brown had agreed that in the event of failure to pay the notes given for the price, the property was to revert to Stevenson. It informed him that Brown’s title was defeasible, and dependent for its continuance upon the happening of a condition. One who acquires a title with such stipulations in it, takes it subject thereto. The question of registry has nothing to do with the case. The right of resolution is an independent substantive remedy, and is in no wise dependent upon the existence of a mortgage or privilege. A demand in resolution is a demand for the property itself, and embraces in it the abrogation of any and all alienations and encumbrances placed upon it by the vendee.
The case of Durham v. Evans, 377 So.2d 423 (La.App. 2nd Cir.1979) discussed whether subsequent purchasers or mortgagees are necessary parties to such an action. In that *1146 case the plaintiffs were owners of a % interest in the tract of land which they sold to the defendant. The defendant eventually instituted a suit for partition by licitation of the subject property against the owners of the remaining Vt of the property. A sheriff’s sale was held at which the defendant was the successful bidder. The plaintiffs instituted an action for dissolution of the original sale to the defendant. The trial court rendered judgment annulling the sale to the defendant and also rendered judgment annulling the judgment which ordered the partition, the sheriff’s sale and the sheriff’s deed which followed that judgment, even though that relief was not prayed for in plaintiff’s petition for dissolution. The defendant argued that such judgment was null and void since the co-owners of the Vfe of the property were not parties to the suit. The court explained:
“In Stevenson v. Brown, supra, the Supreme Court said ‘a demand in resolution is a demand for the property itself, and embraces in it the abrogation of any and all alienations and encumbrances placed upon it by the vendee.’ We are aware of the fact that in that case the subsequent purchaser of the property was a defendant in the suit, but the language used by the court indicates that the result would have been the same even if he had not been a party.
“In this instance, plaintiffs have a real and actual interest in the subject property, and they have the same vital interest in this action to annul the judgment which ordered a partition of that property and the sheriff’s sale and the sheriff’s deed which followed that judgment. We believe their interest is ‘real and actual,’ within the meaning of LSA-C.C.P. Art. 681. The judgment rendered by the trial court here is not adverse to the interests of the defendants in that suit, Leander Durham and Mrs. Tullis, but even if it was, we think that judgment, which annuls and dissolves the sale from plaintiffs to defendant, has the effect of freeing the property from the subsequent conveyances made by Evans or resulting from the partition suit which he filed.” (emphasis added)
We feel that it is clear from the above language that subsequent third party purchasers need not be made parties to an action for dissolution to be valid. The public records were sufficient to put third parties on notice that the transaction was a credit sale in which a portion of the price remained unpaid and that some day the plaintiff might exercise his right to dissolve the sale against his original vendee for nonpayment of the purchase price. See City Bank & Trust Co. v. Caneco Const., Inc., 341 So.2d 1331 (La.App. 3rd Cir.1976), writ denied 345 So.2d 52 (La.1977). For these reasons we hold that the trial court was correct in denying the defendant’s motion to annul the default judgment rendered against CBS dissolving the October 25, 1979, sale between Groner Apartments and CBS.
Considering the issue of whether the trial court erred in dissolving all subsequent sales and mortgages by the original vendee, CBS, we find that a valid default judgment was rendered against CBS dissolving the October 25, 1979, sale. The dissolution had the effect of abrogating all subsequent alienations and encumbrances placed on the property by CBS, including the subsequent sales to Mangus and C’Est La Place. The trial court therefore did not err in freeing the subject property from all other encumbrances and alienations by CBS.
The last issue for our consideration is whether the trial court erred in denying plaintiff the fruits and rents derived from the property by C’Est La Place.
Plaintiff sought judgment against C’Est La Place for the fruits and revenues received by C’Est La Place while the property was in its possession. The trial court found that the plaintiff failed to prove by a preponderance of the evidence that C’Est La Place derived any fruits and revenues from the property. The plaintiff introduced extensive evidence to show the rent received from each tenant during the period of C’Est La Place’s possession.
Under the jurisprudence it is clear that the defendant, whether the original *1147 vendee or a subsequent vendee, in an action for dissolution of the sale is accountable to the vendor for the fair rental value of the property during defendant’s possession. “Fair rental value” has been held to be synonymous with the “fruits” and “revenues” derived from the property. Thompson v. Bullock, 236 So.2d 892 (La.App. 3rd Cir.1970) writ denied, 240 So.2d 231 (La. 1970); McKenzie v. Bacon, 41 La.Ann. 6, 5 So. 640 (1889); Cappel v. Hundley, 168 La. 15, 121 So. 176 (La.1929); and C.C.art. 2506.
In Thompson, supra, the plaintiff offered evidence to establish the rent moneys received by the defendant but failed to offer evidence as to what the fair rental value of the apartment complexes would be to a lessor-operator. In holding that the case should be remanded to allow the plaintiff the opportunity to offer evidence as to such this court stated:
On the other hand, where the purchaser has gone into possession, the seller is entitled to recover the fair rental value of the premises, and the case will be remanded to establish such if not already in the record. Scott v. Apgar, [238 La. 29, 113 So.2d 457] cited above, at 113 So.2d 461. See also: Ekman v. Vallery, 185 La. 488, 169 So. 521; Farthing v. Neely, La.App.3d Cir., 129 So.2d 224.
It is highly plausible that the rents collected by Bullock represent the fair rental value of the property, and thus that Mrs. Thompson is entitled to retain payments made from them. Nevertheless, we suppose the better practice would be to remand to establish fair rental value rather than to rest this finding upon conjecture.
In this case as in Thompson, supra, we will remand this case to establish the fair rental value of the property while in the defendant’s possession.
For the reasons assigned the judgment of the trial court in favor of the plaintiff for dissolution of the sale is affirmed. The case is hereby remanded for the determination of the fair rental value of the property while in the possession of defendant C’Est La Place. All costs are to be borne by the defendant-appellant.
AFFIRMED IN PART and REMANDED.