LAND, J.
This is a suit to rescind a sale of real estate on the ground of nonpayment ■of the purchase price. The facts are not disputed, and it is conceded that, as between William Adler and Julius Adler, the former is entitled to judgment as prayed for in his petition. At the date of the sale, Julius Adler, the purchaser, was the tutor of his four minor brothers and sisters, and the recorded legal mortgage in their favor attached to the property. All of said minors have since ^attained the age of majority, and two of them, defendants herein, have consented to the cancellation of the legal mortgage in their favor. The two ladies were mentally incapable of managing their own affairs, but neither had a curator. The court first appointed a curator ad hoc to represent both of them. Later the court appointed a special curator ad hoc to represent one of the ladies, alleged to be a nonresident and non compos mentis, but not legally interdicted.
The curator answered substantially as follows:
That the two parties were not unable to manage their own affairs, and therefore could not be represented by a curator ad hoc.
That, if they were incapable of managing their own affairs as alleged, they should be interdicted, and a curator appointed to represent them.
That the legal mortgage of the said parties cannot be canceled by the rescission of the sale.
There was judgment in favor of the plaintiff, dissolving the sale, and ordering the cancellation of the legal mortgage. The curator has appealed.
The evidence shows that the original domicile of the two ladies was in the city of New Orleans; that they were both mentally incapable of managing their own affairs; that one of them was absent from the state when the suit was filed; that the other had been interdicted in New York; that neither was represented in this state by a curator or any other person.
Article 195 of the Code of Practice reads as follows:
“195. If the minors, the interdicted or absent persons, against whom the suit is brought, had no tutor or curator, and the plaintiff has had a special tutor or curator appointed to defend them in the suit, the service must be made on the curator in person or at his domicile.”
This article places interdicted persons on the same plane as minors and absent persons, who, when not represented in the state, may be sued through curators ad hoc appointed by the court. Code Prac. arts. 116, 964. Hence both defendants, one an absentee and the other an interdict, were properly represented by a curator ad hoe.
The case of the absent sister, reputed to be insane, is covered by Hansell v. Hansell, *475 44 La. Ann. 548, 10 South. 941. The other sister was judicially treated as an interdict in the partition of her parent’s estate.
That the judicial dissolution of a sale of real estate for nonpayment of the price frees the property from all mortgages and charges created by the purchaser, or resulting from his possession as owner, and the operation of law, is too well settled for dispute. See Chretien v. Richardson, 6 La. Ann. 3, and authorities there cited. In Hamilton v. Bank, 39 La. Ann. 932, 3 South. 126, cited by the curator ad hoc, this doctrine was recognized, but was held not applicable to a holder of a note given for the purchase price, who had not acquired or been subrogated to the right of the original vendor to dissolve the sale.
In the case at bar the property is not worth the amount of the purchase price, and the defendants have no real interest in contesting the demand for the dissolution of the sale.
Judgment affirmed.