HEARD, Judge.
This is an action by Mattie Wilkinson Stanfill and George W. Wise to annul certain deeds to immovable property and to have the sales set aside as simulations. Defendants are Jake Wise Johnson, Milton S. Johnson, Martha Jake Johnson Beatles and Bobbie Lou Johnson Yauger. The latter three defendants answered the petition asserting that they have no knowledge of the matters contained in the petition, and further, that they have no interest in the property in dispute. Jake Wise Johnson answered asserting that the sales were not simulations, but rather were supported by consideration in the form of an exchange of property. Assuming the position of plaintiff in reconvention, Jake Wise John *142 son prayed that if the sales to her were declared simulations then her sale to George W. Wise likewise be declared a simulation.
The trial judge rendered judgment declaring a sale from Mattie Wilkinson Stan-fill to Jake Wise Johnson to be a simulation. Further, the trial court found a sale from Carolyn Wilkinson Weathersby, Mattie Wilkinson Stanfill and George W. Wise to Jake Wise Johnson to be a simulation. The judge further held that the sale from Jake Wise Johnson to George W. Wise was a simulation. Mattie Wilkinson Stan-fill, George W. Wise and Jake Wise Johnson perfected appeals from this judgment.
Both sides to this litigation raised the issue of res judicata. The basis of their argument that the other’s claim is res judicata is a prior suit styled “George W. Wise v. Jake Wise Johnson” 241 So.2d 534, La.App.2d Cir. 1970, writ refused, 257 La. 604, 243 So.2d 273 (1971). This prior suit involved the same deeds under attack here. Further, the proposed an-nullment of the deeds in the prior suit was based on the same cause of action asserted here. However, the parties to the prior suit were not the same as those here. Mattie Wilkinson Stanfill, although a witness in the prior suit, was not a party litigant. George W. Wise, although a party litigant in the prior suit, appears in this suit as a transferee of Carolyn Weathersby’s interest in the disputed property rather than as vendor of the disputed property. LSA-C.C. Art. 2286 states
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
The demands in this suit are not between the same parties formed by them against each other in the same quality. Thus, we hold that the trial judge was correct in overruling Mattie Wilkinson Stanfill’s and George Wise’s exception of res judicata, and further, that the trial judge was correct in denying Jake Wise Johnson’s motion for summary judgment based on a claim of res judicata.
 On the other hand, we hold that the trial judge committed manifest error when he held the sales to be simulations. It is the well settled law of Louisiana that in the absence of any allegation of fraud or error, conditions and stipulations beyond those expressed in an authentic act, and what may have been said before, or at the time of, or since the execution thereof, can be proved only by means of a counter-letter or by use of interrogatories on facts and articles. Lawrence v. Claiborne, 215 La. 785, 41 So.2d 680 (1949); Franton v. Rusca, 187 La. 578, 175 So. 66 (1937); American Creosote Co., Inc. v. Springer, 257 La. 116, 241 So.2d 510 (1970). There were no allegations of fraud or error in this case. No counterletter was introduced. Jake Wise Johnson’s answers to interrogatories deny that the instruments under attack were simulations and not supported by consideration. On the contrary, her answers to interrogatories disclose her contention that there was a consideration different from that expressed in the instruments. The following two interrogatories were propounded to Jake Wise Johnson by Mattie Wilkinson Stanfill and George W. Wise:
INTERROGATORY NO. 1
WHEREAS, in act passed before John S. Stephens, Notary Public, dated April 14, 1967, filed for record April 17, 1967, and of record in Conveyance Book 110, page 428, it is recited that you paid to Mattie Wilkinson Stanfill, George W. Wise and Caroline Wilkinson Weathers-by $1,000.00 cash as the consideration for the purchase by you from them of the property described in the deed. Is it a fact that you did not pay any cash at all for the said property?
*143 INTERROGATORY NO. 2
WHEREAS, in act passed before John S. Stephens dated April -, 1962, filed for record April 17, 1962, and of record in Conveyance Book 110, page 429, records of Red River Parish, Louisiana, it is recited that you paid Mattie Wilkinson Stanfill $250.00 cash as consideration for the property described in the deed. Is it a fact that you did not pay any cash at all for the property ?
Jake Wise Johnson’s answers to the above two interrogatories as follows:
1. Yes, but there was equivalent consideration given in the form of the transfer by me and by others of undivided interests in the Wise Department store lot to George W. Wise.
2. My answer to this question is the same as my answer to No. 1 above.
Her answers to interrogatories do not disclose a simulated sale. Therefore, the trial judge committed manifest error in annulling the deeds from Mattie W. Stan-fill to Jake Wise Johnson and from Carolyn W. Weathersby, Mattie W. Stanfill and George Wise to Jake Wise Johnson.
As we hold that these sales are not simulations, there is no need to consider Jake Wise Johnson’s reconventional demand as this was conditioned on the success of Mattie W. Stanfill’s and George Wise’s original demand.
The judgment of the trial court is reversed, and it is ordered, adjudged and decreed that there be judgment herein in favor of defendant, Jake Wise Johnson, against plaintiffs, Mattie Wilkinson Stan-fill and George W. Wise, rejecting the plaintiffs’ demands. The property affected by this judgment (C.C.P. 2089) being:
The house and lot formerly occupied by Mrs. Mattie Wilkinson and being the same property acquired by Dr. W. T. Wilkinson, Sr., from Jno. D. Wilkinson, et al, as per deed recorded in Conveyance Book “Y”, page 622, less portion traded to T. M. Armistead, which property is described as follows, to-wit:
Beginning at a point on the East side of the Public Road leading from Cou-shatta to Ringgold, La., where said road crosses the North line of the J. C. Per-rault Grant, run thence North with said road 17Yz degrees East 377 feet, run thence South 14 degrees East 454 feet, run thence South 80 degrees West with said Perrault Grant 600 feet to place of beginning, lying and situated in Southeast Quarter of Section 13, Township 12 North, Range 10 West, Red River Parish, Louisiana.
And beginning at said iron stob situated on the North line of the John C. Per-rault Grant where the same intersects the South side of Ringgold Avenue, and run thence in the direction of Ringgold and on South side of Ringgold Avenue a distance of 18 feet; thence at right angles to said Ringgold Avenue to the northwest corner of lot belonging to Miles Pylant, all for a place of beginning, and from which point of beginning run in an Easterly direction along the line heretofore dividing the property of T. M. Armistead from that of Miles Py-lant to the property of said Dr. W. T. Wilkinson, thence in a Westerly direction along the line of said Perrault Grant North Line to where the same will intersect the line drawn from the South side of Ringgold Avenue and 18 feet east of said iron stob and at right angles to Ringgold Avenue to the property of Miles Pylant, and this land so conveyed being a triangular parcel of land lying immediately in front of the property of Miles Pylant, and conveyed with all improvements thereon and appurtenances thereunto belonging, less and except therefrom the following described property deeded by Dr. W. T. Wilkinson to T. M. Armistead as per deed recorded in Conveyance Book 47, page 12, which is described as follows, to-wit:
Beginning at an iron stob situated on the North line of the John C. Perrault *144 Grant where the same intersects the South side of Ringgold Avenue, sometimes called Ringgold Road, run thence in the direction of Ringgold and on said South side of Ringgold Avenue, a distance of 18 feet, thence at right angles to said Ringgold Avenue to the said North line of said Perrault Grant, thence in a westerly direction along said North line of Perrault Grant to said iron stob and being a triangular parcel of land, and conveyed with all improvements thereon and appurtenances thereunto belonging, and given in full exchange of the land hereinafter by said Dr. W. T. Wilkinson.
Together with all buildings and improvements thereon, and all rights, ways and appurtenances thereunto belonging.
Less and except any portion of the above included in Lot 1 of Wilkinson Estate Subdivision as per plat of record in Conveyance Book 112, page 189, records of Red River Parish, Louisiana.
A certain lot situated in the Town of Coushatta, Red River Parish, Louisiana, and being described as beginning at the Perrault Grant line at intersection of property of William Edenborn and J. A. Leiendecker, run thence South 32 degrees West 149 feet, thence North 58j/£ degrees West 105 feet, thence North 30j4 degrees East 55 feet to the Perrault Grant line, thence with said Perrault Grant line North 80 degrees East 144 feet to place of beginning, and being all of the property acquired by L. W. Horton from O. B. Ferguson and by O. B. Ferguson from D. C. Hubbard, and also being the same property purchased by M. H. Pylant from L. W. Horton on March 27, 1920, as recorded in Book 36, page 460, Conveyance Records of Red River Parish, Louisiana, and being the same property acquired by vendor who at the time of purchase was Mrs. Edwin H. Booth, from M. H. Pylant, as per deed executed December 2, 1938, and recorded in Book 61, page 489 Conveyance Records of Red River Parish, Louisiana.
Less and except any portion of the above included in Lot 1 of Wilkinson Estate Subdivision as per plat of record in Conveyance Book 112, page 189, records of Red River Parish, Louisiana.
It is further ordered, adjudged and decreed that there be judgment herein in favor of defendants in reconvention, Mattie Wilkinson Stanfill and George W. Wise, against plaintiff in reconvention, Jake Wise Johnson, rejecting the demand of plaintiff in reconvention, the property affected by this judgment (C.C.P. 2089) being
That certain store house and lot now occupied by George Wise Variety Store and more particularly described in that deed from Ed Lisso & Company, Inc. to Mrs. Mattie Wilkinson, et al, as per deed recorded in Conveyance Book 51, page 214, which property is described as follows, to-wit:
A certain lot or tract of land with all improvements thereon, situated in the Town of Coushatta, Red River Parish, Louisiana, and described as follows: beginning at a point on Ringgold Avenue, of property formerly owned by the Red River Farmers Union Warehouse Company, Ltd., a distance of 66.82 feet from the right of way of the La. Ry. & Nav. Company; thence running parallel with said street a distance of 66.82 feet to right of way of said La. Ry. & Nav. Company, thence parallel with said right of way a distance of 123.42 feet; thence in a Westerly direction a distance of 60.06 feet; thence in a Southwesterly direction a distance of 104.16 feet; thence at an angle on a straight line to the point of beginning, and being a portion of the property purchased by the vendor from the Red River Farmers Union Warehouse Company, Ltd., and being the same property acquired by J. T. S. Thomas as per deed in Conveyance Book 40, page 444 of the official records *145 of the Parish of Red River, Louisiana; and by Lisso & Company, Inc. from the said J. T. S. Thomas.
All costs to he borne by plaintiffs.