365 So.2d 493 (1978)
Cindy BARKSDALE
v.
SOUTHERN AIRWAYS, INC.
No. 11998.
Court of Appeal of Louisiana, First Circuit.
June 12, 1978.
On Rehearing October 9, 1978.
Arthur Cobb, Baton Rouge, of counsel, for plaintiff-appellee Cindy Barksdale.
*494 Gerald Walter, Jr., Baton Rouge, of counsel, for defendant-appellant Southern Airways, Inc.
Before LANDRY, SARTAIN and ELLIS, JJ.
LANDRY, Judge.
Defendant (Appellant) appeals from judgment awarding plaintiff (Appellee), an airline stewardess, workmen's compensation at the rate of $85.00 weekly, for total permanent disability sustained by Appellant who fell to the floor of a plane, because of in-flight turbulence, on May 7, 1976. We amend the judgment and award plaintiff compensation for partial disability at the rate of $85.00 weekly, not to exceed 400 weeks.
Plaintiff, who is 25 years of age, fell on her back. She was assisted to her feet by passengers. Upon landing, she reported the accident to the Captain, who requested that plaintiff complete the flight, if possible, which plaintiff did. On May 11, 1976, plaintiff consulted Dr. Dowell, Orthopedist, who found that plaintiff exhibited an acute lumbosacral syndrome. Dr. Dowell prescribed conservative treatment which did not alleviate plaintiff's complaints of severe lower back pain. On May 20, 1976, plaintiff consulted Dr. Dowell's associate, Dr. Francis C. McMains, Orthopedist. Neither specialist found any evidence of fracture or dislocation.
Dr. McMains initially found tenderness of the lumbo-sacral junction and some restriction of motion. Plaintiff was seen by Dr. McMains June 2, 7, 21, and July 20, 1976, on which latter date he recommended that plaintiff resume work August 1, 1976. Plaintiff worked until August 18, when she returned to Dr. McMains, complaining of back pain. Dr. McMains found no muscle spasm, but detected soreness at the lumbosacral junction. Plaintiff was seen again by Dr. McMains on September 9, 1976, at which time plaintiff complained of lower back pain. Finding minimal objective symptoms, Dr. McMains referred Appellee to Dr. Harry Morris, because of Appellee's complaints of continuous pain. On November 3, 1976, Dr. McMains put Appellee on an exercise program recommended by Dr. Morris. On January 3, 1977, Appellee returned to Dr. McMains, complaining of back pains. Dr. McMains found few objective symptoms. Appellee resumed work on March 3, 1977, and worked until July 5, 1977. During this interval, she wore a surgical corset and continued on pain medication prescribed by Dr. McMains. Between March and July, 1977, Appellee experienced two incidents which aggravated her condition. The first involved an in-flight maneuver by the pilot to avoid a small plane flying dangerously nearby. The second occurred on landing when the pilot unexpectedly braked the plane very hard. After each episode, Appellee consulted Dr. McMains. On July 5, 1977, Dr. McMains advised Appellee to take medical leave from work because the corset Appellee was wearing and the drugs being taken did not relieve Appellee's complaints. In essence, Dr. McMains considered Appellee unable to perform the duties of airline stewardess as of July 5, 1977. He seemed concerned that the type of work involved lent itself readily to aggravation of Appellee's condition. He also felt that Appellee should improve with rest and a few months off from work. He could not predict, however, when Appellee might be able to resume her duties as airline stewardess.
It is conceded that Appellee was seen by numerous other medical experts including an orthopedist, a neurosurgeon, a neurologist, an osteopath and a gynecologist, most of whom saw Appellee on only one occasion and none of whom testified, excepting Dr. Lynn Hamilton, Orthopedist, whose deposition was introduced in evidence by Appellant.
Appellant urges that the trial court erred in: (1) Finding Appellee disabled subsequent to July 5, 1977, as a result of the May 7, 1976 accident; (2) Failing to presume that the testimony of the uncalled experts would be adverse to Appellee; and (3) Finding Appellee totally and permanently disabled despite a lack of proof of Appellee's inability to engage in any gainful occupation for wages.
*495 La.R.S. 23:1317 (1950) provides in part:
"All compensation payments provided for in this Chapter, shall mean and be defined to be for only such injuries as are proved by competent evidence,[1] of which there are or have been objective conditions or symptoms proven, not within the physical or mental control of the injured employee himself."
Dr. Dowell found muscle spasm and other objective symptoms of injury on Appellee's initial examination. Dr. McMains found no muscle spasm but repeatedly found soreness and tenderness in the lumbo-sacral area. Dr. McMains stated that injuries of this nature are not always manifest by objective symptoms. His testimony leaves no doubt that he considered plaintiff to have been injured and disabled. Additionally, plaintiff produced lay testimony including that of her husband, mother-in-law, and a friend who corroborated plaintiff's testimony as to her suffering and the restriction of plaintiff's physical activities and living pattern following the accident. As treating physician, Dr. McMains saw Appellee on numerous occasions and testified unequivocally as to her disability. The Supreme Court in Tantillo v. Liberty Mutual Insurance Company, 315 So.2d 743 (La.1975), relied on the following interpretation of the burden imposed by La.R.S. 23:1317 as established in Brown v. Joseph Rathbone Lumber Co., 11 La.App. 599, 123 So. 383 (Orl.Cir.1929):
"[i]t is only necessary that there should have been `objective conditions or symptoms proven,' and such subjective result as may be imputed to the original objective condition is compensable under the law."
The findings of the physicians in conjunction with the lay testimony are sufficient to meet the burden imposed by the statute.
In written reasons for decision, the trial judge detailed the numerous uncalled experts who examined Appellee. He also considered the deposition of Dr. Hamilton, who felt that Appellee could resume her duties as airline stewardess. Deeming the medical evidence somewhat inconclusive, the trial judge considered that the testimony of Dr. McMains, as treating physician, coupled with the lay testimony concerning Appellee's disability, established Appellee's cause. We think it obvious that the trial judge did consider Appellee's failure to call certain medical experts. It is equally obvious that the trial judge weighed all the evidence (including the absence of expert medical testimony) and applied the rule that the totality of evidence, medical and lay, determines whether an employee is entitled to workmen's compensation benefits. Tantillo, above. We find no error in the conclusion that Appellee established disability.
Appellant also complains that Appellee did not establish injury related to the May 7, 1976 injury because Appellee, in effect, testified to aggravation resulting from the aforementioned incidents which occurred on May 20 and June 23, 1977, respectively. Testimony regarding these incidents was admitted without objection. Under our rules of procedure, Appellee's petition is deemed amended to include these occurrences. La.C.C.P. Article 1154. Determination that these latter incidents were the cause of Appellee's disability, or aggravated her prior condition, would enhance rather than detract from Appellee's right of recovery.
We do, however, find error in the trial judge's conclusion that Appellee is totally and permanently disabled. It appears that he reached this decision due at least in part to his concern that the nature of Appellee's employment readily lent itself to the possibility that similar future incidents might aggravate Appellee's present condition and prolong her eventual recovery. It is significant that Dr. McMains did not testify that Appellee was incapable of engaging in any gainful occupation for wages.
*496 In Leblanc v. Commercial Union Assurance Company, 349 So.2d 1283 (La.App. 1st Cir. 1977) writ refused 351 So.2d 174 (La. 1977), we held that La.R.S. 23:1221(2), as amended by Act 583 of 1975, defines total permanent disability as inability to engage in any gainful occupation for wages, whether or not of the same or a similar occupation as that in which the employee was engaged when injured and whether or not an occupation for which the employee, at the time of injury, was particularly fitted by education, training and experience. See also Kilbourne v. Armstrong, 351 So.2d 802 (La.App. 1st Cir. 1977).
We find that the record establishes that Appellee is partially disabled from performing the duties in which she was customarily engaged when injured, or duties of the same or similar character, nature or description for which she is fitted by education, training and experience. La.R.S. 23:1221(3). Being partially disabled, Appellee is entitled to compensation of $85.00 weekly, not beyond a maximum of 400 weeks. Should Appellee earn wages in another occupation during disability, she is entitled to compensation of sixty-six and two-thirds per centum of the difference between wages she was earning at the time of injury and any lesser wages earned in any week thereafter in any other gainful occupation for wages. La.R.S. 23:1221(3).
The judgment of the trial court is amended in that judgment is rendered herein in favor of Appellee and against Appellant, decreeing Appellee entitled to compensation at the rate of $85.00 weekly, commencing May 7, 1976, for partial disability, not beyond a maximum of 400 weeks, subject to the provision that should Appellee earn wages in any other gainful occupation during said period of disability, her compensation rate shall be sixty-six and two-thirds per centum of the difference between the wages she was earning at the time of injury and any lessor wages earned in any week in any other gainful occupation for wages, credit to be given Appellant for all compensation previously paid. All costs of this appeal to be paid by Appellant.
Amended and affirmed.

ON REHEARING
PER CURIAM.
A rehearing was granted in this matter limited to a determination of the proper date for commencement of workmen's compensation benefits in favor of plaintiff (Appellee).
On original hearing, this court agreed with the finding of the trial court as to Appellee's having established her disability as a result of a work-related accident. As set forth in our original opinion, the trial judge found Appellee was permanently and totally disabled as of July 5, 1977, the date on which Appellee was compelled, on the advice of her treating physician, to take a medical leave of absence from work. As noted therein, the accident sued upon occurred on May 7, 1976, over a year prior to the date on which the lower court held compensation payments to Appellee were to commence (July 5, 1977).
Our original opinion amended the lower court judgment in two respects. First, whereas the trial judge found Appellee to be permanently and totally disabled as a result of subject accident, as aggravated by two subsequent work-related incidents, this court held that under the Workmen's Compensation Act as amended, Appellee was only partially disabled; thus, compensation was limited to a maximum duration of 400 weeks.
Secondly, and more significantly, this court altered the trial court's holding that compensation benefits were to commence on July 5, 1977, to require instead that said benefits begin as of May 7, 1976, the date on which subject accident occurred. In doing so, we committed error by inadvertently disregarding a basic principle of appellate review, namely, that a judgment cannot be changed in favor of an appellee who has neither appealed nor answered his adversary's appeal. LSA-C.C.P. Art. 2133. Arrow Construction Company, Inc. v. American Employers Insurance Company, 273 So.2d 582 (La.App. 1st Cir. 1973).
*497 Appellee has neither appealed nor answered Appellant's appeal. Therefore, under the procedural posture of this case the trial court's judgment awarding compensation commencing July 5, 1977 is final and not subject to review insofar as Appellee is concerned.
Accordingly, our original decree is hereby amended and revised in that the workman compensation benefits due plaintiff begin on July 5, 1977, and in all other respects said decree shall remain in full force and effect. All costs of this appeal to be paid by Appellant.
NOTES
[1] Note that L.S.A.-R.S. 23:1317 contains an error in that it reads "or" in lieu of "of" as in the official statute.