377 So.2d 423 (1979)
Savannah DURHAM et al., Plaintiffs-Appellees,
v.
William EVANS, Defendant-Appellant.
No. 13957.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1979.
*424 Horton & Jones by Donald G. Horton, Coushatta, for defendant-appellant.
Piper & Brown, a Professional Law Corp., by Robert E. Piper, Jr., Shreveport, for plaintiffs-appellees.
Before MARVIN, JONES and HOOD, JJ.
HOOD, Judge.
Plaintiffs seek a judgment (1) annulling an act of sale which they executed purporting *425 to convey a tract of land to defendant, William L. Evans, and (2) vacating a judgment rendered previously by the same court in another suit which ordered a partition of the property affected by that deed. Defendant answered and reconvened for damages. The trial judge rendered judgment annulling the act of sale, vacating the earlier decree which ordered a partition, and setting aside the sheriff's sale and the sheriff's deed presumably held and issued pursuant to the above judgment. Defendant appealed. We affirm.
One of the principal issues presented is whether plaintiffs are entitled to have the act of sale executed by them annulled on the ground that the consideration recited in that deed was not paid. To determine that issue, it is necessary for us to decide whether, under the pleadings and circumstances presented here, parol evidence is admissible to show that the stipulated consideration was not paid, and if so, whether the evidence establishes that plaintiffs, in fact, did not receive payment of that consideration.
The five plaintiffs in this suit, Savannah Durham, Louvator Durham Bilton, Jack Durham, Camille Durham Henderson and Earie Durham Hollman, allege that they are owners of an undivided five-sixths (5/6) interest in and to a three-acre tract of land located in Red River Parish, and that they were owners of that interest prior to and during the first part of 1975. The remaining one-sixth (1/6) interest admittedly was owned in 1975 by Leander Durham, Jr., and Louisa Durham Tullis, both of whom are nonresidents of the State of Louisiana. The last two named persons are not, and have never been, parties to this suit.
Early in 1975, defendant Evans offered to purchase the above property for a price of $1,500.00, to be paid in cash, and plaintiffs accepted that offer insofar as it pertained to their interest in the land. As a step in completing the sale, plaintiffs met with Evans on February 14, 1975, in the office of D. Larry Gerald, president of the American Bank and Trust Company, Coushatta, Louisiana, for the purpose of executing a deed, and at that time plaintiffs (owners of 5/6 interest in the property) executed an act of sale, in authentic form, purporting to convey the three-acre tract to Evans. The deed was prepared for the signatures of all seven owners, but it was executed only by the five plaintiffs.
Plaintiffs and defendant then agreed that the original deed which plaintiffs had executed would remain in the possession of Gerald, president of the bank, with the understanding that if and when Evans acquired deeds from the owners of the remaining 1/6 interest, Leander Durham and Mrs. Tullis, the bank then would deliver to Evans the original signed deed, and at the same time it would send to each plaintiff his proportionate part of the purchase price.
Evans was not able to acquire deeds from the two nonresident owners of a 1/6 interest in the property. On May 19, 1975, however, more than three months after the above described deed was executed by plaintiffs, Evans obtained from the bank the original of that act of sale and he recorded it in the conveyance records of Red River Parish.
Plaintiffs contend that they have never received any payment at all for the property which they purportedly conveyed to Evans, while defendant contends that the payment was made for that property. A factual issue thus is presented as to whether payment of the consideration was or was not made, and that issue will be resolved later in this opinion.
On March 2, 1976, that being several months after the above mentioned deed was recorded, Evans instituted a suit in the Tenth Judicial District Court, for Red River Parish, against the two nonresident owners of an undivided 1/6 interest in the property, Leander Durham and Mrs. Tullis, in which he prayed for judgment ordering a partition by licitation of the subject property. In due course judgment was rendered by the trial judge in that case (which bears a separate docket number from the instant suit), recognizing defendant Evans as the owner of an undivided 5/6 interest in the above property, recognizing the defendants in that suit, Leander Durham and Mrs. Tullis, as the owners of an undivided 1/12 interest *426 each in such property, and ordering that the property be sold at public sale by the sheriff to effect a partition. The plaintiffs in this suit were not parties to the above action for a partition, the only parties to that action being Evans, as plaintiff, and Leander Durham and Mrs. Tullis, as defendants.
The record before us on this appeal does not contain a proces verbal of a sheriff's sale or a copy of the sheriff's deed. Counsel for all parties apparently concede, however, that a sheriff's sale was held on December 15, 1976, at which time defendant Evans was the successful bidder for the entirety of the property, and that a sheriff's deed was issued to Evans following that sale.
Plaintiffs instituted the instant suit against Evans on December 14, 1976. One of the principal demands in this suit is that the act of sale which they executed on February 14, 1975, purporting to convey the above property to Evans, be annulled. Plaintiffs allege several grounds for annulling the 1975 deed, one of which is that the defendant-purchaser failed and refused to pay the price or consideration set out in the deed. We have concluded that the 1975 deed is null because of the failure of the purchaser to pay the consideration, and having reached that conclusion, we find it unnecessary for us to consider any of the other grounds for nullity alleged by plaintiffs.
At the trial, parol evidence was presented by plaintiffs tending to show that the stipulated consideration in the 1975 deed was not paid. The trial judge admitted and considered that evidence, and he concluded that the price or consideration stipulated in the above deed had never been paid. He accordingly rendered judgment revoking and annulling that act of sale.
Defendant-appellant Evans argues that the court erred in rescinding the above sale, because plaintiffs did not allege "fraud, error, duress or wrongdoing on Mr. Evans' behalf." He points out that the deed which plaintiffs executed on February 14, 1975, was in the form of an authentic act, and we note that it provides for a price or consideration of $1,500.00, and it contains the stipulation that "the receipt of which is hereby acknowledged."
Under our law, the authentic act is full proof of the agreement contained in it as against the contracting parties and their heirs and assigns. LSA-C.C. Arts. 2236 and 2276.
The sale of immovable property executed in the form of an authentic act, which recites that the seller acknowledges receipt of payment of the consideration therein stipulated, cannot be attacked by a party thereto on the ground that the consideration actually was not paid, unless the attacking party alleges fraud, mutual error or force; or unless he produces written evidence in the nature of a counter-letter; or unless the lack of consideration is indicated by answers to interrogatories or requests for admissions of fact. LSA-C.C. Arts. 2236, 2237, 2275 and 2276; Miles v. Miles, 328 So.2d 394 (La.App. 3d Cir., 1976); Chenevert v. Lemoine, 161 So.2d 85 (La. App. 3d Cir., 1964); Stanfill v. Johnson, 258 So.2d 141 (La.App. 2d Cir., 1972); Elrod v. Le Ny, 193 So.2d 299 (La.App. 4th Cir., 1966); Templet v. Babbitt, 198 La. 810, 5 So.2d 13 (1941).
The only allegation we find in plaintiff's petition relating to defendant's failure to pay the consideration is in Article 7, which reads:
That defendant has obstinately refused to pay plaintiffs the purchase price as recited in the May, 1975, deed (actually February 14, 1975) and has in effect unilaterally rescinded the sale.
We believe that the language used in the petition, as set out, falls short of alleging fraud, mutual error or force. No written evidence in the nature of a counter-letter was offered, and the record contains no answers to interrogatories or requests for admissions of fact. Under the general rule hereinabove stated, therefore, the parol evidence offered by plaintiffs tending to show the failure of the purchaser to pay the recited consideration would not have been admitted if timely objection had been made to it.
*427 At the trial, however, plaintiff, Jack Durham, testified that he thought plaintiffs "were going to get the money" when they went to the bank and executed the deed, but that they were told by Evans and the bank president then that the money would be held by the bank and that plaintiffs would receive payment of the purchase price when the owners of the remaining 1/6 interest signed. He stated that Evans later obtained the deed and recorded it, but that plaintiffs have never received any payment at all on the purchase price from anyone. It was stipulated that two other plaintiffs, Savannah Durham and Mrs. Louvator Bilton, would testify under oath exactly as did Jack Durham. Defendant did not object to that parol evidence. Instead, he cross-examined Jack Durham as to that issue, and he then offered other parol evidence tending to prove that the consideration had been paid to plaintiffs.
The general rule established by our jurisprudence is that pleadings may be enlarged by evidence adduced without objection, when such evidence is not pertinent to any of the issues raised by the pleadings and hence would have been excluded if objected to timely. LSA-C.C.P. Art. 1154; Austrum v. City of Baton Rouge, 282 So.2d 434 (La.1973); Webster v. Rushing, 316 So.2d 111 (La.1975); Barksdale v. Southern Airways, Inc., 365 So.2d 493 (La.App. 1st Cir., 1978).
We think the parol evidence introduced by plaintiffs, without objection, is sufficient to make out a prima facie case of "fraud" on the part of defendant. Under plaintiffs' version of the facts, as we interpret their testimony, Evans represented to plaintiffs that the purchase price would be held by the bank and that plaintiffs would be paid the agreed consideration simultaneously with the delivery of the deed to defendant. According to plaintiffs' testimony, we think Evans owed plaintiffs a duty to see that they were paid the purchase price when he obtained the deed from the bank. His acquisition and recording of the deed without determining that plaintiffs were paid, constituted fraud.
Since the parol evidence produced by plaintiffs is sufficient to make out a case of "fraud" on the part of defendant, and that evidence was admitted without objection, we conclude that that evidence had the effect of enlarging the pleadings to include an allegation that a "fraud" was perpetrated on plaintiffs by defendant. In line with that conclusion, we hold that the trial judge did not err in admitting and considering that parol evidence.
We turn now to the question of whether the evidence establishes that the consideration recited in the deed was or was not paid to plaintiffs.
Defendant Evans concedes that he personally did not hand any money, checks, consideration or thing of value to plaintiffs in connection with this transaction, and that he never saw anyone else give them any money or checks as the purchase price of this property. He stated, however, that he borrowed $1,500.00 from the American Bank in Coushatta, at the time the original deed was signed by plaintiffs, that the proceeds of that loan were used to pay the purchase price, and that he has been making payments to the bank on that loan since that time. He said that after he made the loan, he saw cashier's checks which had been issued by the bank to plaintiffs, that "there was one check per every signature on the deed," and that he later saw copies of those checks in the bank and in his own loan file. He also stated that he saw someone in the bank putting those checks in envelopes, supposedly to be mailed to the five plaintiffs, but he has no idea as to when that occurred.
Defendant, however, did not call anyone from the American Bank to support his statements that cashier's checks had been issued to plaintiffs, or that payments of any kind had been made to plaintiffs, or that copies of cashier's checks were kept by that institution. No cancelled checks, no bank statements, no promissory notes and no copies of any cashier's checks from the bank were offered in evidence. Evans was unable to state when he made payments to the bank on his alleged loan, or the amount of *428 any such payments. His answers appear to be evasive, his explanations being that "I don't have a payment book," that "I don't make any one set payment on any one account," that he made the first payment "within whenever the time came," and that "I don't keep a diary." He said he never talked about this matter to Mr. Gerald, the former president of the bank, or to Mr. Keith Hays, who succeeded Gerald, his explanation being that "I didn't deem it necessary, no."
During the testimony of Evans, counsel for plaintiffs objected to his statements about the cashier's checks on the ground that copies of those checks, which Evans said were available, were the best evidence of their existence or of the fact that such checks had been issued. Counsel suggested in one objection that "the best evidence on the point of the checks would be the banker himself in court to testify." Yet, defendant did not call anyone from the bank to verify his statements that the purchase price had been paid to plaintiffs by the bank.
Mr. Donald G. Horton, the attorney who represents Evans in this case, also represents the American Bank in Coushatta. He was present when the deed was signed by plaintiffs in the office of the bank president. He testified that "it was the understanding that the money would be held until such time as the other two either had or had not signed," and that "in May of the same year we filed the deed; I instructed Mr. Larry Gerald to disburse the checks; that's the only knowledge I have of it." He stated that he knows the cashier's checks were issued. When asked, however, whether he had contacted Mr. Gerald, the former president of the bank, about the matter, he replied that he had not. Also, when asked whether he had discussed this matter with Mr. Hays, who is now the president, he replied, "In no way." No explanation was given either by Evans or by his attorney as to why someone from the bank was not called to show that payments actually were made to plaintiffs, if that occurred.
The trial judge found that "it was defendant's responsibility to see that payment was made to plaintiffs before same was recorded. This he did not do." Judgment accordingly was rendered annulling the act of sale from plaintiffs to Evans.
We agree with the trial judge that the evidence fails to show that the consideration recited in the deed from plaintiffs to Evans, dated February 14, 1975, was ever paid. When plaintiffs testified that they had never received payment from the escrow agent, we think they made out a prima facie case of fraud and of the failure to pay the stipulated consideration. The burden then shifted to defendant to prove that payment actually was made to plaintiffs. The evidence fails to establish that fact.
In our opinion, plaintiffs are entitled to have the act of sale annulled, and we find no error on the part of the trial judge in rendering a decree to that effect.
We considered the question of whether additional time should be granted to defendant within which to pay the purchase price, as provided in LSA-C.C. Art. 2562. We did that because of defendant's assertion that cashier's checks actually were issued by the bank, that those checks are still outstanding, that Evans borrowed money from the bank in order to obtain those checks and has been paying the note evidencing that loan "on a monthly basis," and that Mr. Gerald, the former president of the bank, was not available to testify.
The pertinent part of LSA-C.C. Art. 2562 provides:
The dissolution of the sale of immovables is summarily awarded, when there is danger that the seller may lose the price and the thing itself. If that danger does not exist, the judge may grant the buyer a longer or shorter time, according to circumstances, provided such term exceed not six months."
In this case there is danger of the sellers losing the price and the thing itself. Under those circumstances the above article does not authorize the granting of a longer time to the buyer within which to comply with the contract. Also, assuming that cashier's checks were issued by the bank, *429 the evidence is convincing that plaintiffs have never received them, and thus the consideration for the property has never been paid to plaintiffs. We did not interpret the evidence as showing that Mr. Gerald's testimony was unavailable, even though he now is a nonresident, but even if he could not be located, other officials or employees of the bank in Coushatta, where the case was tried, should have been available who could have testified as to the issuance and delivery of the cashier's checks. For these reasons we do not consider it proper or appropriate to grant the buyer a longer time under LSA-C.C. Art. 2562.
Defendant argues, finally, that the trial judge erred in setting aside the sheriff's sale held and the sheriff's deed issued pursuant to judgment rendered in the partition suit. He bases that argument on the provisions of Article 681 of the Code of Civil Procedure, which states that "an action can be brought only by a person having a real and actual interest which he asserts," and on the fact that Leander Durham, Jr., and Louisa Tullis are not parties to the instant suit.
The trial judge held that "all acts by the defendant based on his alleged title are equally null and void," and he accordingly rendered judgment decreeing that the judgment rendered in another suit which ordered a partition of the property, and the sheriff's sale and sheriff's deed held and issued pursuant to that judgment were null and void.
We have concluded that there is no error in the trial court's judgment, despite the fact that Leander Durham and Mrs. Tullis were not made parties to this suit. See LSA-C.C. Art. 2045; Sliman v. McBee, 311 So.2d 248 (La.1975); Adler v. Adler, 126 La. 472, 52 So. 668 (1910); Stevenson v. Brown, 32 La.Ann. 461 (1880).
Article 2045 of the Civil Code provides that the dissolving condition is that which, when accomplished, operates a revocation of the obligation, placing matters in the same state as though the obligation had not existed.
In Sliman v. McBee, supra, our Supreme Court annulled a sale of immovable property on the grounds that the purchase price had not been paid, and in so doing it also decreed that the property was to be returned to the seller free and clear of any mortgages or other encumbrances not placed thereon by the seller. In that connection the court said:
The only question that remains is whether the return of the property is to be free and clear of the mortgages given by the McBees to the bank to secure the loans made to them. The answer here is well settled. We stated in Stevenson v. Brown, 32 La.Ann. 461, 464 (1880) that "[a] demand in resolution is a demand for the property itself, and embraces in it the abrogation of any and all alienations and encumbrances placed upon it by the vendee.' (Emphasis added.) The failure of the purchaser to pay the sale price causes the resolutory condition to take effect, which places matters in the same state as though the obligation had not existed, La.Civil Code, arts. 2045-47, 2561 (1870). Thus, judicial dissolution of a sale for non-payment of the price frees the property of all mortgages created by the purchaser. E. g., Adler v. Adler, 126 La. 472, 52 So. 668 (1910) and authorities cited therein.
The same court said in Adler v. Adler, supra, where a somewhat similar issue was presented: "That the judicial dissolution of a sale of real estate for nonpayment of the price frees the property from all mortgages and charges created by the purchaser, or resulting from his possession as owner and the operation of law, is too well settled for dispute."
In Stevenson v. Brown, supra, the Supreme Court said "a demand in resolution is a demand for the property itself, and embraces in it the abrogation of any and all alienations and encumbrances placed upon it by the vendee." We are aware of the fact that in that case the subsequent purchaser of the property was a defendant in the suit, but the language used by the court indicates that the result would have been the same even if he had not been a party.
*430 In this instance, plaintiffs have a real and actual interest in the subject property, and they have the same vital interest in this action to annul the judgment which ordered a partition of that property and the sheriff's sale and the sheriff's deed which followed that judgment. We believe their interest is "real and actual," within the meaning of LSA-C.C.P. Art. 681. The judgment rendered by the trial court here is not adverse to the interests of the defendants in that suit, Leander Durham and Mrs. Tullis, but even if it was, we think that judgment, which annuls and dissolves the sale from plaintiffs to defendant, has the effect of freeing the property from the subsequent conveyances made by Evans or resulting from the partition suit which he filed.
We thus affirm that part of the judgment of the trial court which annulled, vacated and set aside the judgment rendered in the suit entitled William L. Evans v. Leander Durham, Jr., et al., No. 12,831, Tenth Judicial District Court, Red River Parish, Louisiana, and the sheriff's sale and sheriff's deed held and issued following that judgment.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellant, William L. Evans.
AFFIRMED.