McClendon, Judge.
The trial court found plaintiff was partially and permanently disabled and that there was a partial and permanent disability of the body as a whole in the amount of 15% following back surgery necessitated by an accident stipulated by plaintiff and defendant to be within the meaning of the Workmen’s Compensation Act and for which plaintiff had received a stipulated total of $5,920.20 in weekly compensation before trial.
Plaintiff was employed as department head at K Mart Discount Store in the domestics section where curtains, curtain rods, hardware, towels, sheets, etc., are displayed and sold at the time of the accident on May 26, 1977. She had worked first in the cafeteria and was transferred to domestics where she was first a sales person and later promoted to department head.
Her duties consisted of supervising sales personnel in her department and working primarily in the curtains section herself, where she priced curtains and rods, took them from the stockroom and put them up. This required stooping, bending and lifting, but no significantly heavy lifting.
After back surgery in late July of 1977, which required hospitalization for approximately six days, plaintiff was treated by Dr. Don H. Burt, orthopedic surgeon, who had performed the surgery, until December 1, 1977, when he discharged her as able to return to work.
Plaintiff did not return to work and testified she was still unable to work even at time of trial on April 10, 1979.
The testimony of plaintiff’s parents and her husband concerning her inability to work was in the nature of conclusions with minimal or no stated observations from which the conclusions were or could have been logically drawn.
The fellow employees’ testimony (three in number) was corroborative of the nature of her duties before her injury but not of the extent of disability after surgery.
From the deposition of Dr. Burt, the treating orthopedist, it is clear he felt plaintiff was able to return to her former employment as early as December 1, 1977, and the 15% “partial permanent disability” he gave her was an “anatomical” rather than “functional” disability arising as a direct result of the surgery which left plaintiff less than whole anatomically.
Dr. Baer I. Rambach, another orthopedic surgeon, examined plaintiff on August 28, 1978; concurred with Dr. Burt’s opinion that plaintiff’s partial disability was anatomical rather than functional; and differed only in amount (10% vs. 15%). Plaintiff was in the latter stages of pregnancy at the time Dr. Rambach examined her, but he had no difficulty concluding that she could return to her former employment after the child was born and plaintiff recovered from that. Both Dr. Rambach and Dr. Burt agreed that this young lady was grossly overweight. She was 5' 3" tall and weighed 190 pounds.
Plaintiff was pregnant at the time Dr. Bennett Young, orthopedic surgeon, examined her on February 20, 1978, and saw her *1163 on April 6, 1978, and the only indication of his findings located in the record is an undated report to an attorney following the April visit, in which he stated he was “unable to demonstrate any evidence of lumbar disc pathology in this patient” and desired to defer further diagnostic treatment until X-rays could be done after “she delivers her pregnancy.”
When both the medical and lay evidence concerning this plaintiff’s disability are examined, as mandated by Tantillo v. Liberty Mutual Insurance Co., et al., 315 So.2d 743 (La.1975), it is clear that she was capable of performing the duties of her former employment after December 1, 1977, and therefore is neither totally nor partially disabled.
In view of our conclusions herein, no purpose would be served by reviewing the problems presented by the 1975 amendments to La.R.S. 23:1221(1), (2) and (3) as discussed in the three recent cases from the First Circuit,[1] except to say that we have no difficulty distinguishing factually the present case from the Barksdale case cited and apparently relied upon by the trial court.
In passing it is noted that the other case cited in the trial court’s opinion [McMiller v. New Orleans Public Service, Inc., 367 So.2d 1354 (La.App. 4th Cir. 1979)] involved an injury which occurred prior to the 1975 amendment to R.S. 23:1221, by which the definitions of permanent total, temporary total, and partial disability were substantially changed.
This court has no way of ascertaining why this 26 year old female has chosen not to “engage in any gainful occupation for wages” since being discharged by her treating physician, but it can only conclude that the evidence presented in the trial court was insufficient to establish that the choice was founded upon an established and proven physical disability.
Therefore, the judgment of the trial court is reversed. Appellee shall pay all court costs, including costs of this appeal.

. LeBlanc v. Commercial Union Assurance Co., 349 So.2d 1283 (La.App. 1st Cir. 1977); Kilbourne v. Armstrong, 351 So.2d 802 (La.App. 1st Cir. 1977); Barksdale v. Southern Airways, Inc., 365 So.2d 493 (La.App. 1st Cir. 1978).