389 So.2d 65 (1980)
Betty Jean SIMPSON
v.
S. S. KRESGE COMPANY.
No. 67214.
Supreme Court of Louisiana.
October 6, 1980.
*66 Donald R. Miller, Shreveport, for plaintiff-applicant.
Richard H. Switzer, Lunn, Irion, Switzer, Johnson & Salley, Shreveport, for defendants-respondents.
MARCUS, Justice.
Plaintiff, Betty Jean Simpson, instituted suit for workmen's compensation benefits against her employer, S. S. Kresge Company, d/b/a K-Mart Discount Store # 3019, for an injury producing permanent total disability or, alternatively, partial disability. Her alleged disability resulted from an injury to her back caused by an accident arising out of and in the course of her employment as department head of the domestics section with defendant company. Plaintiff also sought penalties and attorney fees.
The trial judge rendered judgment in favor of plaintiff finding her to be partially disabled. In his reasons for judgment, he stated: "The court does conclude that the plaintiff is partially and permanently disabled after having considered the medical and lay testimonies. There is a partial and permanent disability to the body as a whole in the amount of 15%." The judgment ordered defendant to pay compensation for 425 weeks, commencing May 26, 1977, at the rate of $74.67 per week, subject to a credit for compensation previously paid, together with legal interest on each weekly installment from date due until paid. Defendant was also ordered to pay all medical expenses due under the compensation law, subject to a credit for the amount already paid. The trial judge rejected plaintiff's claim for penalties and attorney fees. All costs were assessed against defendant.[1] Defendant appealed. Plaintiff neither appealed nor answered the appeal. The court of appeal reversed.[2] On plaintiff's application, we granted certiorari to review the correctness of this judgment.[3]
The record reflects that plaintiff, Betty Jean Simpson, a twenty-eight year old wife and mother, was originally employed by K-Mart Discount Store in the cafeteria and was transferred to the domestics section where curtains, curtain rods, hardware, towels, sheets, etc., are displayed and sold. She worked first as a sales person and was later promoted to department head where her duties included supervising sales personnel in her department and working primarily in the curtains section, stocking and pricing curtains and rods. The job required frequent bending, stooping and lifting.
On May 26, 1977, plaintiff was required to lift and remove to the stockroom a number *67 of blinds. She worked the remainder of the day but on returning to work two days later, was forced to leave work with pain in her back and reported to the emergency room of a local hospital for medical attention. She had no prior history of back problems. Plaintiff was ultimately diagnosed as having a bulging disc in the area of L4-5 and underwent surgery in the form of a decompression laminectomy on July 30, 1977. Dr. Don H. Burt, the orthopedic surgeon who had performed the surgery, treated plaintiff until December 1, 1977, when he discharged her as able to return to work; however, he instructed her not to do work requiring repeated forward bending and lifting of objects that would weigh in excess of 30 to 40 pounds.
Plaintiff did not return to work, but continued to see Dr. Burt and other physicians complaining of pain in her back. She has contended since that time, and contends here, that she is disabled because of pain which prevents her from working. In support of her testimony, she offered the testimony of her husband, mother and father to the same effect. The medical testimony consisted of the depositions of Dr. Burt and of Dr. Baer I. Rambach, an orthopedic surgeon who examined plaintiff on one occasion on August 29, 1978. Dr. Rambach did not take X rays of plaintiff's back during his examination as plaintiff was in the latter stages of pregnancy at the time.[4] Dr. Burt assigned plaintiff a partial permanent disability of 15 per cent of the body as a whole. Dr. Rambach assigned a 10 per cent disability and also testified that this would not prevent her from returning to work.
In order to recover benefits under the Louisiana Workmen's Compensation Law, an employee must establish that he received a personal injury by accident arising out of and in the course of his employment. Disability is compensable only if it results from a work-related accident. La. R.S. 23:1031; Gorbach v. Prager, Inc., 310 So.2d 604 (La. 1975); Prim v. City of Shreveport, 297 So.2d 421 (La.1974). It was stipulated that plaintiff's injury was work-related. Hence, the sole issue presented for our review is whether the court of appeal erred in reversing the finding of the trial judge that plaintiff was "partially and permanently disabled."
An injured employee is deemed partially disabled when he is unable to perform the duties in which he was customarily engaged when injured or duties of the same or similar character, nature, or description for which he was fitted by education, training, and experience. La.R.S. 23:1221(3). In each case, it is the totality of the evidence, medical and lay, which must be examined by the court in making its determination of whether to grant an award for disability. Crawford v. Al Smith P & H Service, Inc., 352 So.2d 669 (La. 1977); Tantillo v. Liberty Mutual Insurance Company, 315 So.2d 743 (La.1975). In the final analysis, it is the judge's responsibility in a workmen's compensation case to determine if and to what extent a plaintiff suffers a disabling injury which is compensable. Tantillo v. Liberty Mutual Insurance Company, supra. Moreover, on appellate review, a finding of fact by the trial court should not be disturbed unless it is clearly wrong. Arceneaux v. Domingue, 365 So.3d 1330 (La.1978).
In the case before us, plaintiff established that a work-related injury to her back required surgery in the form of a decompression laminectomy. This resulted in a 10 to 15 per cent permanent disability to her body as a whole. While Dr. Burt, orthopedist who performed the surgery, discharged plaintiff as being able to return to work on December 1, 1977, some four months after surgery, he instructed her not to do work requiring repeated forward bending and lifting of objects that weighed in excess of 30 to 40 pounds. The evidence is unrefuted that plaintiff's job required *68 frequent bending, stooping and lifting. Dr. Rambach's single examination of plaintiff on August 29, 1978, was limited by the fact that plaintiff was in the latter stages of pregnancy at the time. Plaintiff's subjective complaints of pain preventing her from performing the duties of her employment are substantiated by the objective medical findings of 10 to 15 per cent disability to her body as a whole. Her testimony is further corroborated by the lay testimony. Under the circumstances, we are unable to say that the trial judge was clearly wrong in his determination that plaintiff was "partially and permanently disabled." To the contrary, we consider that the record fully supports his conclusion. Accordingly, we must reverse the judgment of the court of appeal and reinstate that of the trial judge.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed. The judgment of the district court is reinstated and made the judgment of this court. All costs are assessed against the defendant.
NOTES
[1] Not relevant here was an intervention by plaintiff's former attorney based on a claim for attorney fees under a contract with plaintiff. Judgment ordered attorney fees allowed by law apportioned two-thirds to plaintiff's present attorney and one-third to her former attorney (intervenor).
[2] 379 So.2d 1161 (La.App.2d Cir. 1980).
[3] 384 So.2d 798 (La. 1980).
[4] Plaintiff was also referred to Dr. Bennett H. Young, orthopedic surgeon, on April 6, 1978, for an examination. However, because of her advanced stage of pregnancy, he stated in his report that: "Further diagnostic treatment is deferred until X rays can be done after she delivers her pregnancy."