PONDER, Judge.
Plaintiff appealed the trial court’s declaratory judgment interpreting portions of the Louisiana Mental Health Law governing emergency certificates and the duties of the coroner. Defendant answered the appeal contesting a portion of that judgment.
The issues on appeal are: 1) the time of notification of the coroner during the seventy-two hour period after issuance of an initial emergency certificate; 2) the coroner’s right to examine a patient if the treatment facility intends to discharge the patient or transfer him to another out of parish facility in less than seventy-two hours; and 3) enlargement of pleadings by evidence introduced without objection.
We affirm.
Plaintiff sued the Director of the Louisiana Department of Health and Human Resources and the Director of Earl K. Long Memorial Hospital (Earl K. Long) alleging that Earl K. Long had informed him that they would no longer notify him of admission of patients on physician’s emergency certificates or allow him to examine the patients.
Plaintiff requested that defendants be enjoined from not complying with La.R.S. 28:53 and that a writ of mandamus issue ordering compliance.[1] Defendants answered and reconvened for a declaratory judgment giving the director of a treatment facility the authority to transfer or discharge a patient within seventy-two hours of admittance on physician’s emergency certificate without the prior approval of the coroner.
The trial judge denied the issuance of the injunction and writ of mandamus and ruled that the director of a treatment facility must immediately notify the coroner of the parish in which the treatment facility is located of the admission on an emergency certificate of a mentally ill person or person suffering from substance abuse; that a person detained by the issuance of an emergency certificate can be discharged without the necessity of a coroner’s examination, but an admitted person cannot be transferred to another treatment facility out of the parish within seventy-two hours of admission, without first obtaining an emergency certificate from the coroner of the admitting parish; and that if the coroner’s examination is the initial one, it may be conducted at any location, but if the emergency certificate has already issued, then the patient is *385 in the custody of the director of the treatment facility and it is within his discretion to allow the patient to be transported for an examination.
The law requires that a coroner must be given notice of the admission of any person by emergency certificate under La.R.S. 28:53 G.[2] However, plaintiff argues that defendant regards the seventy-two hours as a grace period and the notice is delayed so that he does not have the opportunity to examine patients before they are discharged or transferred.
Because of the specific terms of the statute, we find that the treatment facility’s director must give notice to the coroner as soon after admission as the necessary information is gathered or it is determined that it is unobtainable. There is no grace period.
Plaintiff next argues that the coroner has the right to examine a patient admitted on a physician’s emergency certificate even if the facility intends to release the patient within the seventy-two hour period.
Every patient has the right to be discharged from a treatment facility when his condition has changed or improved to the extent that confinement is no longer required. La.R.S. 28:171(J).[3] This right and the fact that the coroner’s examination is a prerequisite to continued confinement under La.R.S. 28:53(G), indicate that the director can discharge a patient prior to the end of the seventy-two hour period, in which case the coroner’s examination becomes unnecessary.
Plaintiff next argues that the issue of the location of the second examination for an emergency commitment was not briefed by the plaintiff, was not a part of the suit, and was not properly before the trial court. The testimony on the location of the examinations was introduced at trial, without objection, on cross-examination of the plaintiff. Pleadings may be enlarged by evidence adduced without objection when such evidence is not pertinent to any *386 of the issues raised by the pleadings and, hence, would have been excluded if objected to timely. Durham v. Evans, 377 So.2d 423 (La.App. 2nd Cir.1979); La.C.C.P. art. 1154. The evidence enlarged defendant’s recon-ventional demand and we find that the issue is properly before the court.
We disagree with plaintiffs contention that the second examination need not be done at the treatment facility. Since the patient is in the custody of the director of the treatment facility, it should be within his discretion to decide if the patient should be moved for examination. Both the letter and the spirit of the Mental Health Law support this conclusion. See, for example, R.S. 28:53 D and 28:50(2).
Defendant argues that the treatment facility has the right to transfer a person admitted on a physician’s emergency certificate within seventy-two hours, to another treatment facility out of parish, without an examination by the coroner of the admitting parish.
Once the decision is made that the patient must remain confined, whether in the parish of the admitting treatment facility or in another parish, the coroner of the parish of the admitting facility must examine the patient as a requirement for continued confinement. La.R.S. 28:53 G, supra.
Defendant relies on La.R.S. 28:94 and 28:53 F. If R.S. 28:94 is applicable,[4] it nevertheless must yield to the requirement of R.S. 28:53 G for the issuance of a second certificate as a prerequisite for confinement beyond the seventy-two hours.
La.R.S. 28:53 F,[5] cited by defendant, applies to the transfer of a patient, after an initial emergency certificate has been executed, to the treatment facility, and is inapplicable.
For these reasons, we affirm the trial court’s judgment with costs to be assessed to the appellant.
AFFIRMED.

. The trial judge’s written reasons indicated that all parties agreed to convert plaintiffs request for an injunction to one for a declaratory judgment.

. La.R.S. 28:53 G:
Upon admission of any person by emergency certificate to a treatment facility, it shall be the duty of the director of the treatment facility to immediately notify the coroner of the parish in which the treatment facility is located of the admission giving the following information if known: the person’s name, address, date of birth, name of certifying physician, date and time of admission, and the name and address of the treatment facility.
Within seventy-two hours of admission, the person shall be independently examined by the coroner or his deputy who shall execute an emergency certificate, pursuant to Subsection B, which shall be a necessary precondition to the person’s continued confinement.
However, in the event that the coroner has made the initial examination and executed the first emergency commitment certificate then a second examination shall be made within the 72 hour period set forth in this Act by any physician at the treatment facility where the person is confined.
If, from his examination, the coroner concludes that the person is not a proper subject for emergency admission, then the person shall not be further detained in the treatment facility and shall be discharged by the director forthwith. When a person is confined in a treatment facility other than a state mental institution, the examining coroner in the parish where the patient is confined shall be entitled to the usual fee paid for this service to the coroner of the parish in which the patient is domiciled or residing. When a person is confined in a state mental institution in a parish other than his parish of domicile or residence, the examining coroner shall be entitled to the fee authorized by law in his parish for the service. In either case, the fee shall be paid and accurate records of such payments kept by the governing authority of the parish in which the patient is domiciled or residing from parish funds designated for the purpose of payment to the coroner. All coroners shall keep accurate records showing the number of patients confined in their parishes pursuant to this Section.

. La.R.S. 28:171 J:
Every patient shall have the right to be discharged from a treatment facility when his condition has changed or improved to the extent that confinement and treatment at the treatment facility are no longer required. The director of the treatment facility shall have the authority to discharge a patient admitted by judicial commitment without the approval of the court which committed him to the treatment facility. The court shall be advised of any such discharge. The director shall not be legally responsible to any person for the subsequent acts or behavior of a patient discharged by him in good faith.

. Some doubt is cast upon its applicability because of the term “mental institution” as having a different meaning from “treatment facility.”

. La.R.S. 28:53 F:
An emergency certificate shall constitute legal authority to transport a patient to a treatment facility and shall permit the director of such treatment facility to detain the patient for diagnosis and treatment for a period not to exceed fifteen days, and to return the patient to the facility if he is absent with or without permission during authorized periods of detention. If necessary, peace officers shall apprehend and transport, or ambulance services, under appropriate circumstances, may locate and transport, a patient on whom an emergency certificate has been completed to a treatment facility at the request of either the director of the facility, the certifying physician, the patient’s next of kin, the patient’s curator, or the agency legally responsible for his welfare. The director of the treatment facility shall notify the patient’s nearest relative, if known, or designated responsible party, if any, in writing, of the patient’s admission by emergency certificate as soon as reasonably possible.