FORET, Judge.
This appeal arises out of a workmen’s compensation suit filed by Richard Benoit, Sr. against his former employer, Giant Cleaning Systems, Inc. (Giant) and its insurer, Commercial Union Insurance Company. After a trial on the merits, the trial court rendered judgment in favor of the defendants, dismissing the plaintiff’s suit. It is from this judgment that the plaintiff appeals. The issues presented on appeal are:
(1) that the trial court erred in failing to find that the plaintiff was permanently partially disabled and ■
*669 (2) that it erred in failing to award medical expenses to the plaintiff.
We affirm the judgment of the trial court.
The plaintiff was employed by the defendant, Giant, in its oil rig cleaning service when he was pinned at chest level between two of the company’s vehicles on July 24, 1981. The plaintiff began working for Giant in June of 1981. The plaintiff was taken to the Rayne Branch Hospital that same day where he was seen by Dr. John Guidry. Dr. Guidry diagnosed the plaintiff as having sustained a rib fracture and treated him by applying a chest splint and prescribing pain medication. Plaintiff saw Dr. Guidry for three follow-up visits and was discharged from his care on September 15, 1981, after telling the doctor that he had had no pain for two weeks.
Plaintiff quit his job with Giant shortly after that on October 26, 1981. He took a job at that time with Power Rig and was employed by them for a short length of time. After he left Power Rig, plaintiff went to work as a derrickman for Pernie Bailey until December of 1982. This suit was filed on May 21, 1982, and plaintiff did not seek medical help again until May 25, 1982, at which time he consulted Dr. Michael Heard, an orthopedic surgeon. Dr. Heard referred plaintiff to Dr. James Do-mingue, a neurologist, and they concluded that the plaintiff was suffering from inter-costal neuralgia caused by the fractured ribs. Intercostal neuralgia is an irritation of the nerves around the fracture site. He was given an injection known as a “pain block” which anesthetizes the area either permanently or temporarily depending upon the patient involved. He received the first injection in June of 1982 and a second one in February of 1983. The plaintiff left his job at Pernie Bailey in December of 1982 and began working as a meat cutter in his brother’s business in Lake Charles. The plaintiff has been employed by his brother since that time at a salary considerably less than that which he was earning with any of his three previous employers.
Plaintiff alleged that he was unable to perform the work that he had been doing at the time of his accident at Giant without severe pain and discomfort and was therefore totally and permanently disabled. The trial court found, after consideration of all of the evidence presented, that the plaintiff had not been working in such substantial or appreciable pain as to render him disabled. Plaintiff continued to work in oilfield related jobs for one and one-half years after the accident, never complaining of his pain and discomfort to anyone except his wife. Dr. Heard testified in his deposition that he was unable to assign any disability rating to the plaintiff at the time and had. not restricted his work activity. Plaintiff was told that he could do whatever he felt he was able to do. Plaintiff’s testimony as to why he left Pernie Bailey was inconsistent, saying first that the pain forced him to quit, then, under cross-examination, that he had been laid off, then, under redirect, that the pain was responsible.
In Simpson v. S.S. Kresge Co., 389 So.2d 65 (La.1980), the Supreme Court said, at page 67:
“An injured employee is deemed partially disabled when he is unable to perform the duties in which he was customarily engaged when injured or duties of the same or similar character, nature, or description for which he was fitted by education, training, and experience. La. R.S. 23:1221(3). In each case, it is the totality of the evidence, medical and lay, which must be examined by the court in making its determination of whether to grant an award for disability. Crawford v. Al Smith P & H Service, Inc., 352 So.2d 669 (La.1977); Tontillo v. Liberty Mutual Insurance Company, 315 So.2d 743 (La.1975). In the final analysis, it is the judge’s responsibility in a workmen’s compensation case to determine if and to what extent a plaintiff suffers a disabling injury which is compensable. Ton-tillo v. Liberty Mutual Insurance Company, supra. Moreover, on appellate review, a finding of fact by the trial court should not be disturbed unless it is clear *670 ly wrong. Arceneaux v. Domingue, 365 So.3d 1330 (La.1978).”
This Court agrees with the determination of the trial court that the plaintiff failed in sustaining his “burden of proving to a legal certainty and by a reasonable preponderance of the evidence that he is disabled”. Augustine v. Courtney Construction Company of Alexandria, Inc., 405 So.2d 579 (La.App. 3 Cir.1981), writ denied, 407 So.2d 735 (La.1981).
The trial court did not award the medical expenses incurred by plaintiff and with this we can find no error. It is not clear from the record that Dr. Guidry was paid by the plaintiff, but it seems that the bills were made in the defendant’s name and sent to them. The evidence concerning their payment is not before us; we therefore cannot say that the trial court was clearly wrong in failing to award this element of the medical expenses. The expenses for Dr. Heard’s services were incurred subsequent to the filing of this suit and the bill contained in the record indicates that the purpose of the initial visit was an “attorney evaluation”. We feel that the plaintiff failed to establish that the expense was for treatment rather than in preparation of litigation in light of the fact that Dr. Heard was not consulted until after suit was filed and plaintiff’s failure to seek medical help at an earlier date for what he alleges to be a severe and chronic problem. “Employers and their insurers are not liable for medical expenses incurred for purposes of litigation.” Butts v. Insurance Co. of North America, 352 So.2d 745 (La.App. 3 Cir.1977), writ denied, 354 So.2d 206 (La.1978). We find that the trial court was not clearly wrong in failing to award medical expenses to the plaintiff.
Accordingly, the judgment of the trial court in favor of the defendants, Giant Cleaning Systems, Inc. and Commercial Union Insurance Company, dismissing plaintiff’s suit is hereby affirmed. All costs are to be borne by the plaintiff-appellant.
AFFIRMED.